UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division



LJB ENTERPRISES, LLC
LARAY J BENTON, *Pro se*
1731 Stourbridge Court
Mitchellville, Maryland 20721

                        Plaintiff,          17 CV 2588

    VS.                                        CIVIL ACTION NO.

DANIEL "DANNY" COLTON (Individually)
125 Chesapeake Avenue
Annapolis, MD 21403

GB DEVELOPMENT CONSULTING COMPANY, LLC
125 Chesapeake Avenue
Annapolis, MD 21403

ART SANDLER (Individually and for)
STEVEN SANDLER (Individually and for)
L.M. SANDLER & SONS INC.
448 Viking Drive, Suite # 220
Virginia Beach, VA 23452

MATTHEW FACCHINA (Individually)
2200 Defense Highway
Crofton, MD 21114

DELMARVA SITE DEVELOPMENT, INC.
2200 Defense Highway
Crofton, MD 21114

DEWBERRY CONSULTANTS, LLC
10003 Derekwood Lane, Suite 204
Lanham, MD 20706

NORMAN RIVERA, ESQ. (Individually)
17251 Melford Blvd, Suite 200
Bowie, MD 20715

THE LAW OFFICES OF NORMAN D. RIVERA, LLC
17251 Melford Blvd, Suite 200
Bowie, MD 20715

SEAN F BRUCE (Individually)
924 Beacon Square Ct.
Gaithersburg, MD 20878

SFB DEVELOPMENT & CONSULTING, LLC
924 Beacon Square Ct.
Gaithersburg, MD 20878

JEFFREY WOLFER (Individually and for)
MATT COLE (Individually and for)
TONY PETRUCCELLO (Individually and for)
MARY ELLEN PHELAN (Individually and for)
SILVER ARCH CAPITAL PARTNERS, LLC
Continental Plaza
433 Hackensack Avenue, 12th Floor
Hackensack, NJ 07601

JOEL MILLER (Individually and for)
WALL STREET CAPITAL ADVISORS
1075 Peachtree St., NE
Suite 3650
Atlanta, GA 30309

EDDIE GRAVES (Individually and for)
CHROME CAPITAL PARTNERS, INC.
14001 Tollison Drive
Bowie, MD 20720

BRANDON LAMAR JOHNSON (Individually and for)
OPEN-MINDED INVESTMENTS, LLC
16710 Shackleford Way
Woodbridge, VA 22191

JASON DENNIS STEWART (Individually and for)
RENASCENCE INVESTMENTS, LLC
2306 Rosecroft Court
Oxon Hill, MD 20745

HENRY NATHANIEL JENKINS, JR (Individually and for)
HORIZON NATURAL HOLDINGS, INC.
8109 Alloway Lane
Beltsville, MD 20705

        Defendants.

---

**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH EQUITABLE RELIEF AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Now comes Mr. LaRay J. Benton, a citizen of the State of Maryland, *pro se*, and pursuant to Rule 65(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. Pro.), Fed. R. Civ. Pro. Rule 65(d)(2)(C), Maryland Rule 15-501(c), and Maryland Rule 15-504(a), he humbly applies before this Court for a temporary restraining order ("TRO") with other equitable relief. Whereas the Plaintiff respectfully allege that DANIEL "DANNY" COLTON (Individually and for), GB DEVELOPMENT CONSULTING COMPANY, LLC; ART SANDLER (Individually and for), STEVEN SANDLER (Individually and for), L.M. SANDLER & SONS INC.; MATTHEW FACCHINA (Individually and for), DELMARVA SITE DEVELOPMENT, INC.; NORMAN RIVERA, ESQ. (Individually and for), THE LAW OFFICES OF NORMAN D. RIVERA, LLC; SEAN F BRUCE (Individually and for), SFB DEVELOPMENT & CONSULTING, LLC; JEFFREY WOLFER (Individually and for), MATT COLE (Individually and for), TONY PETRUCCELLO (Individually and for), MARY ELLEN PHELAN (Individually and for), SILVER ARCH CAPITAL PARTNERS, LLC; JOEL MILLER (Individually and for), WALL STREET CAPITAL ADVISORS; EDDIE GRAVES (Individually and for), CHROME CAPITAL PARTNERS, INC.; BRANDON LAMAR JOHNSON (Individually and for), OPEN-MINDED INVESTMENTS, LLC; JASON DENNIS STEWART (Individually and for), RENASCENCE INVESTMENTS, LLC; HENRY NATHANIEL JENKINS, JR (Individually and for), HORIZON NATURAL HOLDINGS, INC. (individually and collectively, the "Defendants") violated, among other laws, the Unfair and Deceptive Acts and Practices laws of the State of Maryland, and did willfully conspire to breached several signed Non-Disclosure, Non-Compete, Non-Circumvent Agreements with Mr. Benton, with the malicious intent, to both circumvent and compete with the Plaintiff regarding both the acquisition and development of contracted real property located at or about 9700-9800 Landover Road and 9700 Ruby Lockhart Blvd, Landover, Maryland, in the County of Prince George's County, causing the Plaintiff substantial emotional and psychological injury, damages, and irreparable harm, among others. The Plaintiff collectively present his *Complaint and Motion for Temporary Restraining Order & Injunctive Relief*, and his supporting documentation of instant claims here. The well-pleaded presentation of his substantiated claims and arguments are as follows:

1. Plaintiff brings this action to halt Defendants' willful irreparable harm towards him and the substantial effect on public interest at risk here. The Plaintiff has conclusively established how the willful and knowingly malicious and adverse actions of the Defendants to willfully breach their *signed* Non-Disclosure, Non-Compete, Non-Circumvent agreements with Mr. Benton has already caused him imminent irreparable harm that is ongoing, causing him actual losses and/or damages totaling in excess of **$66,050,000.00**, as well as substantial and imminent irreparable harm/injury to public interest if the status quo is not maintained. *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F. 2d 109 - Court of Appeals, 8th Circuit 1981. Specifically, the Plaintiff asserts that substantial public interest is at risk here in that Mr. Benton was due to pay a *State Recordation Tax* totaling $44,000.00; *State Transfer Tax* totaling $27,500.00; and *County Transfer Tax* totaling $112,000.00 upon the closing of the Contract Property, which was to the benefit the constituents of both the State of Maryland and Prince George's County. As such, the Defendants likely will continue to cause substantial public injury in excess of $200,000.00 or more without a TRO or other injunctive relief being issued in accordance with the **BREACH** and **INJUNCTION AND OTHER REMEDIES** clauses of Mr. Benton's Non-Compete Agreements. See Exhibits I, J, K, Z, AA, BB and JJ.

2. As a result of the foregoing, Defendants are engaged in ongoing violations of their *signed* Non-Disclosure, Non-Compete, Non-Circumvent Agreements with Mr. Benton, Fed. R. Civ. Pro. Rule 65(d)(2)(C), Maryland Rule 15-504(a), and the Maryland Consumer Protection Act ("MCPA"), among others.

3. Plaintiff therefore seeks a TRO:

    a. Restraining and enjoining Defendants and their officers, agents, servants, employees, attorneys, and any other persons whom they have any current or "*pre-existing business relationship*" and/or are in active concert or participation with the Defendants from circumventing and competing with Mr. Benton to acquire the Contract Property and having any further communicating with Mr. Pete King or his attorney, Velocity Arch Ventures, DR Horton, Stanley Martin Homes, NVR/Ryan Homes, Lennar Homes, Dan Ryan Homes, CVS, Chick-fil-A, 7-Eleven, Royal Farms, Prince George's County, the Washington Suburban Sanitary Commission, and the Maryland-National Capital Parking and Planning Commission or any other "*pre-existing business relationships*" that

have been established while operating under Mr. Benton's *signed* Non-Disclosure, Non-Compete,

Case 8:17-cv-02588-PX   Document 1   Filed 09/06/17   Page 5 of 14

Non-Circumvent Agreements, to date, as agreed within the **THIRD PARTY CONTACTS** clause of Mr. Benton's Non-Compete Agreement. See Exhibits I, J, K, Z, AA, and BB;

b. Restraining and enjoining Defendants and their officers, agents, servants, employees, attorneys, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants from engaging in any and all actions towards financing marketing, leasing, sales, bidding, soliciting, contracting, or otherwise circumventing and competing with Mr. Benton regarding acquiring and developing the contract property. See Exhibits I, J, K, Z, AA, and BB;

c. Restraining and enjoining Defendants and their officers, agents, servants, employees, attorneys, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants from engaging in any and all actions towards further circumventing and competing with Mr. Benton by processing any and all capital development and financial applications (for both debt and equity), architectural renderings, engineering plans, legal work, fees, and any other entitlements in any attempt to further acquire and develop the contract property. See Exhibits I, J, K, Z, AA, and BB;

d. Restraining and enjoining Defendants and their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants from carrying out any clearing, grading, engineering, tests, and/or construction activity on the property until the case has been properly adjudicated on the merits. See Exhibits I, J, K, Z, AA, and BB;

e. Restraining and enjoining Defendants and their officers, agents, servants, employees, attorneys, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants from engaging in any and all further communications and/or processing of any applications, reviews, hearings, or seeking any approvals from any agency, utility, community or civic groups, or any other local, State, or public

entity governed under the State of Maryland and/or Prince George's County. See Exhibits I, J, K, Z, AA, and BB;

f. Restraining and enjoining Defendants and their officers, agents, servants, employees, attorneys, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants from engaging in any and all actions, business dealings, assigns, and/or contracts that would allow the Defendants to benefit or gain in any way related to the Contract Property. See Exhibits I, J, K, Z, AA, and BB;

g. Requiring Defendants and their officers, agents, servants, employees, attorneys, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants to formally provide notice of their breach of Mr. Benton's agreement and legally withdraw any and all contracts, marketing materials, offers, deposits, applications, letters of intent, and any other business offers to Mr. Pete King, Velocity Arch Ventures, DR Horton, or any other "*pre-existing business relationships*" that have been established while operating under Mr. Benton's *signed* Non-Disclosure, Non-Compete, Non-Circumvent Agreements, to date, and to provide formal notice and signed copies of said notices, legal communications, agreements and withdrawals to the Plaintiff, Prince George's County, the Washington Suburban Sanitary Commission, and the Maryland-National Capital Parking and Planning Commission. See Exhibits I, J, K, Z, AA, and BB;

h. Requiring Defendants and their officers, agents, servants, employees, attorneys, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants and any person hosting or otherwise controlling any internet content, server, or website that makes any reference to the Contract Property, to immediately take steps to ensure that any information related to the Contract Property on any website, blog, or social media service is no longer viewable or accessible by persons using the Internet. See Exhibits I, J, K, Z, AA, and BB;

i. Restraining and enjoining Defendants and their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants from destroying or concealing any offers, contracts, agreements, communications (including emails), records, or any other documents. See Exhibits I, J, K, Z, AA, and BB;

j. Restraining and enjoining Defendants and their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants from the use, discussion, communication, or transfer of **Confidential Information** defined as "any information relating to the intellectual property and business practices of either party, whether or not reduced to writing or other tangible expression, relating or pertaining to the Scope which the disclosing party considers to be proprietary and confidential" as agreed within the **CONFIDENTIAL INFORMATION** clause within Mr. Benton's Non-Compete Agreement. See Exhibits I, J, K, Z, AA, and BB;

k. Restraining and enjoining Defendants and their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants from competing with Mr. Benton for their benefit regarding the Contract Property as defined as "developing technology or information internally, or receiving information from third parties involving technology, business plans, capital, media material, performas, or information, that may be similar to or the same as Confidential Information disclosed hereunder," as agreed within the **NON-COMPETE** clause of Mr. Benton's Non-Compete Agreement. See Exhibits I, J, K, Z, AA, and BB;

l. Requiring Defendants and their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants to return to Mr. Benton "all

7

Proprietary Information received during discussions or performance of work under this Agreement" as agreed within the **RETURN OR DESTRUCTION OF PROPRIETARY INFORMATION** clause of Mr. Benton's Non-Compete Agreement. See Exhibits I, J, K, Z, AA, and BB;

m. Requiring Defendants and their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or "***pre-existing business relationship***" with, and/or are in active concert or participation with the Defendants to pay for any and all current and past attorney fees to both Traci R. Scudder, Esq. and Sally Pressler-McCash, Esq. totaling an estimated $60,000.00 to date, as agreed within the **BREACH** and **INJUNCTION AND OTHER REMEDIES** clauses of Mr. Benton's Non-Compete Agreement. See Exhibits I, J, K, Z, AA, and BB;

n. Requiring Defendants and their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or "***pre-existing business relationship***" with, and/or are in active concert or participation with the Defendants to reimburse to the Plaintiff the amount of $200,000 as repayment for his losses and damages due to their breach of Mr. Benton's Non-Compete agreement which has resulted in Velocity Arch Ventures pulling back their contracted deposit for the Wawa gas station development, as agreed within the **BREACH** and **INJUNCTION AND OTHER REMEDIES** clauses of Mr. Benton's Non-Compete Agreement. See Exhibits H, I, J, K, Z, AA, BB, and NN;

o. Requiring Defendants and their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or "***pre-existing business relationship***" with, and/or are in active concert or participation with the Defendants to reimburse to the Plaintiff the amount of $2,500,000.00 as repayment for his losses and damages due to their breach of Mr. Benton's Non-Compete agreement which has resulted in DR Horton pulling back and/or withholding their contracted deposit for the development of 215 townhomes at the Contract Property, which was due to be delivered to the Plaintiff on or about August 21, 2017, as agreed

within the **BREACH** and **INJUNCTION AND OTHER REMEDIES** clauses of Mr. Benton's Non-Compete Agreement. See Exhibits G, I, J, K, Z, AA, and BB;

p. Requiring Defendants and their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants to pay immediate damages to the Plaintiff in the amount of $500,000.00 as initial payment for his irreparable harm, his emotional, physical, psychological, and defamatory harm and/or duress, and losses and damages due to their breach of Mr. Benton's Non-Compete agreement, as agreed within the **BREACH** and **INJUNCTION AND OTHER REMEDIES** clauses of Mr. Benton's Non-Compete Agreement. See Exhibits I, J, K, Z, AA, and BB;

q. Requiring Defendants and their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants to pay immediate damages and/or losses to the public interest in the amount of a $500,000.00 surety bond for use as payment of applicable closing costs related to the Contract Property related to public interest, with specific amounts payable to the State of Maryland for *State Recordation Tax* totaling $44,000.00; the State of Maryland for *State Transfer Tax* totaling $27,500.00; and to Prince George's County for *County Transfer Tax* totaling $112,000.00, as initial payment for the irreparable harm and substantial public injury caused due to their collective breach of Mr. Benton's Non-Compete agreement, as agreed within the **BREACH** and **INJUNCTION AND OTHER REMEDIES** clauses of Mr. Benton's Non-Compete Agreement. See Exhibits I, J, K, Z, AA, BB, and JJ;

r. Requiring that the execution and/or payment of any and all judgments, payment of remedies, losses, damages, and any and all other injunctive relief "shall be binding on the parties and their successors and assigns," as well as restraining and enjoining Defendants and their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or

9

      participation with the Defendants from "assign[ing] or otherwise transfer[ing] this Agreement or any rights, duties, or obligations under this Agreement without the prior written consent of the Plaintiff, as agreed within the **ASSIGNMENT AND SUBCONTRACTING** clause of Mr. Benton's Non-Compete Agreement. See Exhibits I, J, K, Z, AA, and BB;

s. Requiring Defendants and their officers, agents, servants, employees, attorneys, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants to formally cease and desist any and all business operations, processing of permits or entitlements, withdraw any and all contracts, marketing materials, offers, deposits, review submittals, applications, letters of intent, and any other business offers to Mr. Pete King, Velocity Arch Ventures, DR Horton, Stanley Martin Homes, NVR/Ryan Homes, Lennar Homes, Dan Ryan Homes, CVS, Chick-fil-A, 7-Eleven, Royal Farms, Prince George's County, the Washington Suburban Sanitary Commission, and the Maryland-National Capital Parking and Planning Commission, or any other "*pre-existing business relationships*" that have been disclosed or established while operating under Mr. Benton's *signed* Non-Disclosure, Non-Compete, Non-Circumvent Agreements, to date, until formal verification of execution of any and all said payments of any and all judgments, payment of remedies, losses, damages, and any and all other injunctive relief has been validated by both the Plaintiff and this Court. See Exhibits I, J, K, Z, AA, and BB;

t. Authorizing expedited discovery, to include but not limited to formal depositions, requests for admissions, document requests, and in-person review of records, among other forms of discovery, from Defendants and their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants that have been established while operating under Mr. Benton's *signed* Non-Disclosure, Non-Compete, Non-Circumvent Agreements, to date, for the purpose of discovering information about the Defendants contacting Mr. Ludlow King, III and his attorney directly seeking to become the contract purchaser and

10

subsequent owner of the Contract Property as well as Defendants' identities, assets, business activities, and any other actions or forms of communications related to their efforts to breach their signed agreements with Mr. Benton. Mr. Benton further requests that all discovery shall be finalize to his discretion at least 14 calendar days before any scheduled hearing on the merits, and that the Court permits any scheduled adjudication on the merits to be postponed to support such a request. See Exhibits I, J, K, Z, AA, and BB;

u. Requiring Defendants and their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or *"pre-existing business relationship"* with, and/or are in active concert or participation with the Defendants to immediately return and/or refund within 30 calendar days, any and all deposits or securities paid by the Plaintiff, his participating entities, and/or investors related to securing any and all financing and/or capitalization for the acquisition and development of the Contract Property. See Exhibits I, J, K, Z, AA, and BB;

v. As a result of the undue and irreparable hardship that the Defendants have placed the Plaintiff in as a result of their material breach of Mr. Benton's Non-Compete Agreement, the Plaintiff asserts that he is unable to provide surety or other security for the bond requirement for a TRO or other injunctive relief. However, as presented herein, the Plaintiff would experience substantial injustice would if a TRO and/or other injunctive relief was not issued at this time. Therefore, the Plaintiff humbly prays that the Court waive the Plaintiff's surety, security and/or bond requirements pursuant to Federal Rules of Civil Procedure, Rule 65(c) and Maryland Rule 15-503(c) as additional injunctive relief in accordance with the **BREACH** and **INJUNCTION AND OTHER REMEDIES** clauses of Mr. Benton's Non-Compete Agreement. See Exhibits I, J, K, Z, AA, and BB.

w. As a result of the undue and irreparable hardship that the Defendants have placed the Plaintiff in as a result of their material breach of Mr. Benton's Non-Compete Agreement, the Plaintiff asserts that he is unable to pay court fees and/or costs related to the instant case. Therefore, the Plaintiff

11

humbly prays that the Court requires the Defendants to pay any and all attorney fees, court costs, and any other fees required in adjudicating the instant case as additional injunctive relief in accordance with the **BREACH** and **INJUNCTION AND OTHER REMEDIES** clauses of Mr. Benton's Non-Compete Agreement.  See Exhibits I, J, K, Z, AA, and BB;

x.  Extend the duration of both the temporary restraining order and injunctive relief pending an adjudication on the merits as additional injunctive relief in accordance with the **BREACH** and **INJUNCTION AND OTHER REMEDIES** clauses of Mr. Benton's Non-Compete Agreement.  See Exhibits I, J, K, Z, AA, and BB;

y.  Requiring Defendants and their officers, agents, servants, employees, attorneys, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants to show cause why this Court should not issue a preliminary injunction extending such temporary relief pending an adjudication on the merits;

z.  Schedule a Preliminary Injunction Hearing prior to the expiration of this Temporary Restraining Order; and

aa. Any further equitable relief deemed appropriate by this Court.

4. As a result of the undue and irreparable hardship that the Defendants have placed the Plaintiff in as a result of their material breach of Mr. Benton's Non-Compete Agreement, and because the Defendants likely will continue to cause substantial public injury in excess of $200,000.00 or more without a TRO or other injunctive relief being issued in accordance with the **BREACH** and **INJUNCTION AND OTHER REMEDIES** clauses of Mr. Benton's Non-Compete Agreements, additionally because the Plaintiff has previously exhausted all efforts to both conference with Defendants and resolve their breaches before coming before this Court, pursuant to Maryland Rule 15-504(b), Plaintiff humbly prays that a temporary restraining order (TRO) be granted without written or oral notice to the Defendants or their attorneys. Both a certificate of conference and certificate of service accompanies this motion. See Exhibits I, J, K, Z, AA, BB, JJ, KK, LL, and MM.

5. Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine dispute as to the

clear material fact that the Defendants duly signed and were operating under Mr. Benton's *signed* Non-Disclosure, Non-Compete, Non-Circumvent Agreements, and that their officers, agents, servants, employees, attorneys, any third parties, and any other persons whom they have any current or "*pre-existing business relationship*" with, and/or are in active concert or participation with the Defendants are also restricted and/or enjoined under the same Non-Compete Agreement. See Exhibits I, J, K, Z, AA, BB, JJ, KK, LL, and MM. As such, the Plaintiff has conclusively establish using direct evidence that there is no genuine issue of material fact and the moving party (i.e. the Plaintiff) is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1996). *Northern Pacific R. Co. v. United States*, 356 US 1 - Supreme Court (1958).

6. A memorandum is support of TRO, proposed TRO, a Bond Waiver Request, and proposed Bond Waiver are filed concurrently.

See *Federal Trade Commission v. Cornerstone and Company, LLC, et al*, District of Columbia, (2014), Case 1:14-cv-01479-RC; *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F. 2d 109 - Court of Appeals, 8th Circuit 1981; *JL MATTHEWS INC. v. Maryland-National Capital Park & Planning Commission*, 792 A. 2d 288.

WHEREFORE, Plaintiff respectfully requests that this Court grant this motion by entering the proposed TRO. I DO SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING PETITION TO GRANT A TEMPORARY RESTRAINING ORDER ARE TRUE AND CORRECT.

_____ Petitioner

Respectfully submitted,

_____   9/5/2017
LaRay J. Benton                   Date
1731 Stourbridge Court
Mitchellville, MD. 20721
(864) 357-4545 (phone)
laraybenton@gmail.com **(email)**

13